1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  CHERYL ADAMS, State Bar #164194
   Chief Trial Attorney
3  MARGARET W. BAUMGARTNER, State Bar #151763
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-3859
6  Facsimile:     (415) 554-3837
   Email:          margaret.baumgartner@sfgov.org
7
   Attorneys for Defendants
8  CITY AND COUNTY OF SAN FRANCISCO ET AL.

9

10                    UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12

BRENT MCLAIN, an individual, and          Case No. 12-CV-3225 MEJ
13 MYLAN TRANG, an individual,

14        Plaintiffs,                      **DEFENDANT CITY AND COUNTY OF SAN
                                           FRANCISCO, ALBERTO DUARTE, DARCY
                                           KELLER, JON MCMAHON'S ANSWER TO
15        vs.                              COMPLAINT; DEMAND FOR JURY TRIAL**

16 CITY AND COUNTY OF SAN
   FRANCISCO; SAN FRANCISCO POLICE
17 OFFICER NICK BETTENCOURT; SAN
   FRANCISCO POLICE OFFICER ALBERTO
18 DUARTE; SAN FRANCISCO POLICE
   OFFICER DARCY KELLER; SAN
19 FRANCISCO POLICE OFFICER DANNY
   LOPEZ; SAN FRANCISCO POLICE
20 OFFICER KEITH MATTHEWS; SAN
   FRANCISCO POLICE OFFICER JOHN
21 MCMAHON; SAN FRANCISCO POLICE
   OFFICER MARK MOPAS; SAN
22 FRANCISCO POLICE OFFICER PETER
   WALSH; and DOES 1 through 50, inclusive,
23
          Defendants.
24

25

26

27

28

Defendants City and County of San Francisco, Albert Duarte, Darcy Keller, and Jon McMahon respond to Plaintiffs' Complaint for Damages ("Complaint") filed by Plaintiffs Brent McLain and Mylan Trang ("Plaintiffs") in this action as follows:

## NATURE OF ACTION

1.     In answering Paragraph 1 of the complaint, defendants respond as follows:  This paragraph contains legal representations, and requires no answer from these defendants.

2.     In answering Paragraph 2 of the complaint, defendants respond as follows:  Defendants admit that on January 12, 2011, they seized a Zodiac Hurricane Boart and other items.  Except as specifically admitted, Defendants deny generally and specifically the remaining allegations contained in this paragraph.  Defendants specifically deny that they lacked probable cause to seize the items.

3.     In answering Paragraph 3 of the complaint, defendants respond as follows:  Defendants admit that the Superior Court for the City and County of San Francisco ordered that the San Francisco Police Department return items seized to plaintiffs.  Except as specifically admitted, Defendants deny generally and specifically the remaining allegations contained in this paragraph.

4.     In answering Paragraph 4 of the complaint, defendants respond as follows:  Defendants deny generally and specifically the allegations contained in this paragraph.

5.     In answering Paragraph 5 of the complaint, defendants respond as follows:  Defendants deny generally and specifically the allegations contained in this paragraph.

6.     In answering Paragraph 6 of the complaint, defendants respond as follows:  Defendants deny generally and specifically the remaining allegations contained in this paragraph.

7.     In answering Paragraph 7 of the complaint, defendants respond as follows:  Defendants admit that plaintiffs filed a government tort claim, and that the City and County of San Francisco denied the claim.  Except as specifically admitted, Defendants deny generally and specifically the remaining allegations contained in this paragraph.

8.     In answering Paragraph 8 of the complaint, defendants respond as follows:  Defendants deny generally and specifically the allegations contained in this paragraph.

9.     In answering Paragraph 9 of the complaint, defendants respond as follows:  Defendants deny generally and specifically the allegations contained in this paragraph.

## JURISDICTION

10.     10.  In answering Paragraph 10 of the complaint, defendants respond as follows: Defendants deny generally and specifically the allegations contained in this paragraph.

11.     In answering Paragraph 11 of the complaint, defendants respond as follows:  This paragraph contains legal representations, and requires no answer from these defendants.

## VENUE

12.     In answering Paragraph 12 of the complaint, defendants respond as follows:  This paragraph contains legal representations that require no answer from these defendants.  Defendants deny generally and specifically any facts contained in this paragraph.

13.     In answering Paragraph 13 of the complaint, defendants respond as follows:  This paragraph contains legal representations that require no answer from these defendants.  To the extent that this paragraph contains factual representations, Defendants admit that Plaintiffs filed a government tort claim.

14.     In answering Paragraph 14 of the complaint, defendants respond as follows:  This paragraph contains legal representations, and requires no answer from these defendants.

15.     In answering Paragraph 15 of the complaint, defendants respond as follows:  This paragraph contains legal representations, and requires no answer from these defendants.

16.     In answering Paragraph 16 of the complaint, defendants respond as follows: Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

17.     In answering Paragraph 17 of the complaint, defendants respond as follows: Defendants admit the allegations in this paragraph.

18.     In answering Paragraph 18 of the complaint, defendants respond as follows:  This paragraph contains legal representations, and requires no answer from these defendants.  To the extent that this paragraph contains factual allegations, Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

19.     In answering Paragraph 19 of the complaint, defendants respond as follows: This paragraph contains legal representations, and requires no answer from these defendants.  To the extent that this paragraph contains factual allegations, Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

20.     In answering Paragraph 20 of the complaint, defendants respond as follows:  This paragraph contains legal representations, and requires no answer from these defendants.

21.     In answering Paragraph 21 of the complaint, defendants respond as follows: This paragraph contains legal representations, and requires no answer from these defendants.  To the extent that this paragraph contains factual allegations, Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

22.     In answering Paragraph 22 of the complaint, defendants respond as follows: Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

23.     In answering Paragraph 23 of the complaint, defendants respond as follows: Defendants admit that the United States Coast Guard had previously owned the boat, and that the City's surplus property, including at times SFPD vehicles and vessels are sold at auction through Central Shops.  Except as specifically admitted, Defendants deny generally and specifically the remaining allegations contained in this paragraph.

24.     In answering Paragraph 24 of the complaint, defendants respond as follows: Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

25.     In answering Paragraph 25 of the complaint, defendants respond as follows: Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

26.     In answering Paragraph 26 of the complaint, defendants respond as follows: Defendants specifically deny that Plaintiff submitted a lawful bill of sale to the DMV.  Except as

specifically denied, Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

27. In answering Paragraph 27 of the complaint, defendants respond as follows: Defendants admit that the DMV issued a certificate of ownership and that the Certificate of Ownership includes a Hull Identification Number.

28. In answering Paragraph 28 of the complaint, defendants respond as follows: Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

29. In answering Paragraph 29 of the complaint, defendants respond as follows: Defendants admit that members of the San Francisco Police Department had a number of conversations with Plaintiff McLain regarding the boat, and that members of the San Francisco Police Department saw some photos of the boat and saw the Coast Guard Maintenance log. Except as specifically admitted, Defendants deny generally and specifically the allegations contained in this paragraph.

30. In answering Paragraph 30 of the complaint, defendants respond as follows: Defendants admit that members of the San Francisco Police Department requested information about the Boat, and that Plaintiff McLain provided a statement. Except as specifically admitted, Defendants deny generally and specifically the allegations contained in this paragraph.

31. In answering Paragraph 31 of the complaint, defendants respond as follows: Defendants admit that when they located the Boat it was at the Hyde Street Pier. Except as specifically admitted, Defendants lack information sufficient to enable them to form a belief as to the truth of the remaining allegations in this paragraph, and, on that basis, defendants deny the allegations.

32. In answering Paragraph 32 of the complaint, defendants respond as follows: Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

33. In answering Paragraph 33 of the complaint, defendants respond as follows: Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

34.     In answering Paragraph 34 of the complaint, defendants respond as follows: Defendants admit that members of the San Francisco Police Department seized the boat on January 12, 2012 from the Hyde Street Harbor.  Defendants lack information sufficient to enable them to form a belief that Plaintiffs were getting ready to leave for their honeymoon, and on that basis deny that allegations.  Defendants specifically deny that the seizure was without probable cause.  Defendants deny the remaining allegations in this paragraph.

35.     In answering Paragraph 35 of the complaint, defendants respond as follows: Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

36.     In answering Paragraph 36 of the complaint, defendants respond as follows: Defendants admit that the San Francisco Police Department seized the boat.  Except as specifically admitted, Defendants lack information sufficient to enable them to form a belief as to the truth of the remaining allegations in this paragraph and on that basis Defendants deny the remaining allegations.

37.     In answering Paragraph 37 of the complaint, defendants respond as follows: Defendants admit that members of the San Francisco Police Department were present at the Hyde Street harbor and towed the boat on January 12, 2011, and that they did not have a warrant.  Except as specifically admitted, Defendants deny generally and specifically the remaining allegations in this paragraph.

38.     In answering Paragraph 38 of the complaint, defendants respond as follows: Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations concerning Plaintiff's honeymoon and the Vogue Magazine photo shoot.  As for the remaining allegations in this paragraph, Defendants admit the allegations.

39.     In answering Paragraph 39 of the complaint, defendants respond as follows: Defendants admit that Defendant Keller gave Plaintiffs a property receipt for the boat.  Except as specifically admitted, Defendants lack information sufficient to enable them to form a belief as to the truth of the remaining allegations in this paragraph and on that basis Defendants deny the remaining allegations.

40.     In answering Paragraph 40 of the complaint, defendants respond as follows: Defendants admit that various telephone conversations occurred between Plaintiffs and the San Francisco Police Department regarding the boat.  Except as specifically admitted, Defendants deny generally and specifically the remaining allegations contained in this paragraph.

41.     In answering Paragraph 41 of the complaint, defendants respond as follows: Defendants admit that Plaintiff McLain filed a Motion for Return of Property.  Except as specifically admitted, Defendants lack information sufficient to enable them to form a belief as to the truth of the remaining allegations in this paragraph and on that basis Defendants deny the remaining allegations.

42.     In answering Paragraph 42 of the complaint, defendants respond as follows: Defendants admit that they opposed McLain's motion for return of property, and that the opposition included the information that the SFPD had received information from a citizen, and that the SFPD logo had been obscured but still was visible, and that the SFPD did not observe a Hull Identification No.  Except as specifically admitted, Defendants deny generally and specifically the remaining allegations contained in this paragraph.

43.     In answering Paragraph 43 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

44.     In answering Paragraph 44 of the complaint, defendants respond as follows:  This paragraph contains legal representations, and requires no answer from these defendants.  To the extent that this paragraph contains factual allegations, Defendants deny generally and specifically the allegations contained in this paragraph.

45.     In answering Paragraph 45 of the complaint, defendants respond as follows:  This paragraph contains legal representations, and requires no answer from these defendants.  To the extent that this paragraph contains factual allegations, Defendants deny generally and specifically the allegations contained in this paragraph.

46.     In answering Paragraph 46 of the complaint, defendants respond as follows:  This paragraph contains legal representations, and requires no answer from these defendants.

47.     In answering Paragraph 47 of the complaint, defendants respond as follows:  This paragraph contains legal representations, and requires no answer from these defendants.  To the extent

that this paragraph contains factual allegations, Defendants deny generally and specifically the allegations contained in this paragraph.

48. In answering Paragraph 48 of the complaint, defendants respond as follows: Defendants admit that a CF number was visible on the hull of the boat. Except as specifically admitted, Defendants deny generally and specifically the remaining allegations in this paragraph.

49. In answering Paragraph 49 of the complaint, defendants respond as follows: Defendants admit that a DMV Certificate of Ownership has a place to identify the hull identification number and the CF No. Except as specifically admitted, Defendants deny generally and specifically the remaining allegations in this paragraph.

50. In answering Paragraph 50 of the complaint, defendants respond as follows: Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations concerning Plaintiff's activities with regard to the Hull Identification Number. Defendants admit that Plaintiffs were not charged with or cited for violation of any section of the California Vehicle Code governing the display of Hull Identification Numbers.

51. In answering Paragraph 51 of the complaint, defendants respond as follows: Defendants admit the allegations contained in this paragraph.

52. In answering Paragraph 52 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

53. In answering Paragraph 53 of the complaint, defendants respond as follows: Defendants admit that the San Francisco Superior Court issued an order on July 15, 2011, regarding the return of the boat and other items seized.

54. In answering Paragraph 54 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

55. In answering Paragraph 55 of the complaint, defendants respond as follows: Defendants admit that there was communication with Plaintiff McLain following the July 15, 2011 order. Except as specifically admitted, Defendants deny generally and specifically the allegations contained in this paragraph.

56.     In answering Paragraph 56 of the complaint, defendants respond as follows:
Defendants admit that the San Francisco Superior Court issued an order on September 2, 2011
regarding the return of the boat and other items seized, which required the Department to meet and
confer with Plaintiff, and that the order states that it is "without prejudice to any claim the moving
party may have for damages for the seizure or return of the subject property."  Except as specifically
admitted, Defendants deny generally and specifically the allegations contained in this paragraph.

57.     In answering Paragraph 57 of the complaint, defendants respond as follows:
Defendants admit that the Department returned the boat to Plaintiffs.  Except as specifically admitted,
Defendants deny the allegations contained in this paragraph, and specifically deny that the boat was
unlawfully seized.

58.     In answering Paragraph 58 of the complaint, defendants respond as follows:
Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations
in this paragraph, and, on that basis, defendants deny the allegations.

59.     In answering Paragraph 59 of the complaint, defendants respond as follows:
Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations
in this paragraph, and, on that basis, defendants deny the allegations.

60.     In answering Paragraph 60 of the complaint, defendants respond as follows:
Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations
in this paragraph, and, on that basis, defendants deny the allegations.

61.     In answering Paragraph 61 of the complaint, defendants respond as follows:
Defendants lack information sufficient to enable them to form a belief as to the truth of the allegations
in this paragraph, and, on that basis, defendants deny the allegations.

62.     In answering Paragraph 62 of the complaint, defendants respond as follows:
Defendants admit the allegations contained in this paragraph.

**First Claim for Relief**

63.     In answering Paragraph 63 of the complaint, defendants respond as follows:  This
paragraph contains legal representations, and requires no answer from these defendants.

64.    In answering Paragraph 64 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

65.    In answering Paragraph 65 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

66.    In answering Paragraph 66 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

67.    In answering Paragraph 67 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

68.    In answering Paragraph 68 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

## Second Claim for Relief

69.    In answering Paragraph 69 of the complaint, defendants respond as follows:  This paragraph contains legal representations, and requires no answer from these defendants.

70.    In answering Paragraph 70 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

71.    In answering Paragraph 71 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

72.    In answering Paragraph 72 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

73.    In answering Paragraph 73 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

74.    In answering Paragraph 74 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

75.    In answering Paragraph 75 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

76.    In answering Paragraph 76 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

**Third Claim for Relief**

77.     In answering Paragraph 77 of the complaint, defendants respond as follows:  This paragraph contains legal representations, and requires no answer from these defendants.

78.     In answering Paragraph 78 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

79.     In answering Paragraph 79 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

80.     In answering Paragraph 80 of the complaint, defendants respond as follows: Defendants admit that the San Francisco Superior Court ordered the boat and some of the items seized to be returned to Plaintiff McLain.  Except as otherwise admitted, Defendants deny the allegations contained in this paragraph.

81.     In answering Paragraph 81 of the complaint, defendants respond as follows: Defendants admit that they dismantled part of the boat.  Except as otherwise admitted, Defendants deny the allegations contained in this paragraph.

82.     In answering Paragraph 82 of the complaint, defendants respond as follows: Defendants admit that Plaintiff McLain filed a claim and that the City denied it.

83.     In answering Paragraph 83 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

84.     In answering Paragraph 84 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

85.     In answering Paragraph 85 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

86.     In answering Paragraph 86 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

**Fourth Claim for Relief**

87.     In answering Paragraph 87 of the complaint, defendants respond as follows:  This paragraph contains legal representations, and requires no answer from these defendants.

88.     In answering Paragraph 88 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

89.     In answering Paragraph 89 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

90.     In answering Paragraph 90 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

91.     In answering Paragraph 91 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

92.     In answering Paragraph 92 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

### Fifth Claim for Relief

93.     In answering Paragraph 93 of the complaint, defendants respond as follows:  This paragraph contains legal representations, and requires no answer from these defendants.

94.     In answering Paragraph 94 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

95.     In answering Paragraph 95 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

96.     In answering Paragraph 96 of the complaint, defendants respond as follows: Defendants admit that they dismantled part of the boat.  Except as otherwise admitted, Defendants deny the allegations contained in this paragraph.

97.     In answering Paragraph 97 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

98.     In answering Paragraph 98 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

99.     In answering Paragraph 99 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

100.     In answering Paragraph 100 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

1

**Sixth Claim for Relief**

2      101.    In answering Paragraph 101 of the complaint, defendants respond as follows:  This

3   paragraph contains legal representations, and requires no answer from these defendants.

4      102.    In answering Paragraph 102 of the complaint, defendants respond as follows:

5   Defendants deny the allegations contained in this paragraph.

6      103.    In answering Paragraph 103 of the complaint, defendants respond as follows:

7   Defendants admit that they had the boat in their custody for approximately nine months following the

8   seizure.  Except as specifically admitted, Defendants deny generally and specifically the remaining

9   allegations in this paragraph.

10     104.    In answering Paragraph 104 of the complaint, defendants respond as follows:

11  Defendants admit that the San Francisco Superior Court ordered the boat and some of the items seized

12  to be returned to Plaintiff McLain.  Except as otherwise admitted, Defendants deny the allegations

13  contained in this paragraph.

14     105.    In answering Paragraph 105 of the complaint, defendants respond as follows:  :

15  Defendants admit that they dismantled part of the boat.  Except as otherwise admitted, Defendants

16  deny the allegations contained in this paragraph.

17     106.    In answering Paragraph 106 of the complaint, defendants respond as follows:

18  Defendants admit that Plaintiff McLain filed a claim and that the City denied it.

19     107.    In answering Paragraph 107 of the complaint, defendants respond as follows:

20  Defendants deny the allegations contained in this paragraph.

21     108.    In answering Paragraph 108 of the complaint, defendants respond as follows:

22  Defendants deny the allegations contained in this paragraph.

23     109.    In answering Paragraph 109 of the complaint, defendants respond as follows:

24  Defendants deny the allegations contained in this paragraph.

25     110.    In answering Paragraph 110 of the complaint, defendants respond as follows:

26  Defendants deny the allegations contained in this paragraph.

27

28

**Seventh Claim for Relief**

111.    In answering Paragraph 111 of the complaint, defendants respond as follows:  This paragraph contains legal representations, and requires no answer from these defendants.

112.    In answering Paragraph 112 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

113.    In answering Paragraph 113 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

114.    In answering Paragraph 114 of the complaint, defendants respond as follows: Defendants admit that Plaintiff McLain filed a claim and that the City denied it.

115.    In answering Paragraph 115 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

116.    In answering Paragraph 116 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

**Eighth Claim for Relief**

117.    In answering Paragraph 117 of the complaint, defendants respond as follows:  This paragraph contains legal representations, and requires no answer from these defendants.

118.    In answering Paragraph 118 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

119.    In answering Paragraph 119 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

120.    In answering Paragraph 120 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

121.    In answering Paragraph 121 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

122.    In answering Paragraph 122 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

**Ninth Claim for Relief**

123.     In answering Paragraph 123 of the complaint, defendants respond as follows:  This paragraph contains legal representations, and requires no answer from these defendants.

124.     In answering Paragraph 124 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

125.     In answering Paragraph 125 of the complaint, defendants respond as follows: Defendants deny the allegations contained in this paragraph.

126.     In answering Paragraph 126 of the complaint, defendants respond as follows: Defendants admit that Plaintiff McLain filed a claim and that the City denied it.

127.     In answering Paragraph 127 of the complaint, defendants respond as follows:  This paragraph includes legal representations which do not require a response from these answering Defendants.  To the extent that this paragraph contains factual allegations, Defendants admit that some of the Defendants were acting within the course and scope of their employment, and deny any other remaining factual allegations in this paragraph.

128.     In answering Paragraph 128 of the complaint, defendants respond as follows: Defendants admit that some of the Defendants were acting within the course and scope of their employment, and deny any other remaining factual allegations in this paragraph.

129.     In answering Paragraph 129 of the complaint, defendants respond as follows: Defendants deny the allegations in this paragraph.

130.     In answering Paragraph 130 of the complaint, defendants respond as follows: Defendants deny the allegations in this paragraph.

131.     In answering Paragraph 131 of the complaint, defendants respond as follows: Defendants deny the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the Complaint fails to state facts sufficient to constitute a claim against any Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the Complaint and each and every cause of action therein is barred by the statute of limitations as set forth in California Code of Civil Procedure § 335 et seq., California Government Code § 945.6, and other applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that the Complaint and each and every cause of action therein is barred because Plaintiff failed to use reasonable diligence to mitigate damages allegedly sustained by him, and said failure bars or reduces the recovery, if any from Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

**(Causation)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that that any act or omission on the part of Defendants or their agents, was not the legal cause of Plaintiff's alleged injuries.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Damage To Plaintiff)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants deny that Plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Comply With California Tort Claims Act)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that to the extent Plaintiff failed to comply with provisions of the California Tort Claims Act of the California Government Code (Government Code §810 et seq.), Plaintiff's Complaint is barred.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that Defendants and their agents were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that by reason of Plaintiff's own acts and omissions, Plaintiff is estopped from seeking any recovery from Defendants by reason of the allegations set forth in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the Complaint and each cause of action therein are barred by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that by reason of Plaintiff's own acts and omissions, Plaintiff has waived any right to recovery from Defendants by reason of the allegations set forth in the Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Common Law Immunity)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that Defendants, as members of the San Francisco Sheriff's Department or Police Department, are immune from any liability therein under the common law doctrine of immunity of peace officers executing statutes in good faith, which statutes are presumed valid at the time of such execution.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Constitutional Violation)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the Complaint fails to state a violation of any of the provisions of the United States or California Constitutions cited by Plaintiff and applicable to this action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Qualified/Absolute Immunity)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that they enjoy qualified immunity, and/or absolute immunity against each and every one of Plaintiff's federal claims.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Exhaustion)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that plaintiff has failed to exhaust his administrative and/or contractual remedies.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Discretionary Immunity)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that they enjoy discretionary immunity pursuant to California Government Code §820.2 against each and every one of Plaintiff's state claims.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Frivolous Lawsuit)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling Defendants to sanctions and appropriate remedies (including without limitation attorneys' fees) against Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Intent to Harm)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, Defendants allege that at all times and places mentioned in the Complaint, Defendants acted without malice and with a good faith belief in the propriety of their conduct, and did not intend to harm or deprive Plaintiff of any rights under federal or state constitutions, or federal or state statutes.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Discharge of Duties in Good Faith)

As a separate and affirmative defense to the Complaint and to each and every allegation set forth therein, Defendants allege that at all times mentioned in the Complaint, Defendants performed and discharged in good faith each and every obligation, if any, owed to Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Privilege, Justification)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, Defendants allege that their conduct at all times material herein was privileged and/or justified under applicable law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Supervening Events)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that any injury suffered by Plaintiff was caused by supervening events over which Defendants had no control.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Comparative Negligence)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege by way of a plea of comparative negligence that Plaintiff was negligent in and about the matters and activities alleged in said Complaint; that said negligence contributed to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if Plaintiff is entitled to recover damages against Defendants by virtue of said Complaint, Defendants pray that the recovery be

diminished or extinguished by reason of the negligence of the Plaintiff in proportion to the degree of fault attributable to the Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Plaintiff's Recklessness)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that at all times mentioned in Plaintiff's Complaint herein, Plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff; that as a consequence, Plaintiff's claims are barred.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Fault of Others)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the fault of persons other than Defendants contributed to and proximately caused the occurrence; and that under the principles formulated in the case of *American Motorcycle Association v. Superior Court*, 20 Cal. 3d 578 (1978), Defendants pray that the percentage of such contribution be established by special verdict or other procedure, and that Defendants' ultimate liability be reduced to the extent of such contribution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Statutory Immunity)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the City of San Francisco and its employees are immune and/or protected from all liability alleged in the complaint and each and every cause of action therein pursuant to Government Code Sections 815(b); 815.2(b); 815.4; 818.6, 818.7; 818.8; 820(b); 820.2; 820.4; 820.6; 820.8; 821; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.25; 831.3; 831.4; 831.5; 831.6; 831.7; 831.8; 835.4; 840.6; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4; California Vehicle Code sections 16004 and 17004.7; California Penal Code sections 142, 148, 409, 834a, 834, 835, 835a, 836, 844, 845, 847, 849,

1531 and 1532; California Welfare and Institutions Code sections 5150, 5113, 5153, 5154, 5173; and Civil Code section 43.5 and related provisions of these code sections and interpretative case law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Outside the Scope of Employment)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the City is not liable for any acts or omission of its employees which occurred outside of those employees' scope of employment with the City.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Res Judicata and Claim Splitting)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the complaint and each and every cause of action therein is barred by res judicata and the case law prohibiting a plaintiff from "splitting" claims or causes of action. *Ferraro v. Southern Cal. Gas Co.*, 102 Cal.App.3d 33, 41 (1980).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that plaintiff has unnecessarily delayed in protecting the right or rights asserted and has unreasonably delayed in bringing this action, and is therefore guilty of laches and is consequently not entitled to the relief sought.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Assumption Of The Risk)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that plaintiff had full knowledge of the risk involved in the activity in which plaintiff was engaged at the time of the occurrence of the incident set forth in the complaint. Plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in the complaint, and the loss or damage, if any, sustained by plaintiff was caused by those risks.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction Over Defendant)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the Court lacks personal jurisdiction over Defendants as a result of plaintiff's failure to comply with the Federal Rules of Civil Procedure and the requirements of federal due process.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Variance From Government Claim)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that plaintiff was required to present any and all claims against the City in the form of a timely government claim, that plaintiff's purported causes of action alleged in the complaint are limited to the allegations contained in any timely government claim plaintiff may have presented, and that, to the extent the complaint attempts to enlarge or expand upon the allegations asserted in such government claim, if any, the complaint fails to state a cause of action and is barred pursuant to California Government Code Sections 905.2 and 911.1.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Actions of Others)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the alleged injuries and damages of which plaintiff complains were the proximate result of the sole negligence, acts, omissions or conduct of others, including, but not limited to, plaintiff in the Complaint herein.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Reasonable and Probable Cause)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that at all times material hereto the defendants had reasonable and probable cause to detain, restrain and control plaintiff based on violations of the California Penal Code and on California Welfare and Institutions Code § 5150.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Insufficient Government Claim)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that plaintiff has failed to file a sufficient claim as required by California Government Code §910, *et seq.* and other applicable provisions of law, and this Court therefore has no jurisdiction of the action and the action is barred by law.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Untimely Government Claim)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that plaintiff has failed to file a timely claim as required by California Government Code §910, *et seq.* and other applicable provisions of law, and this Court therefore has no jurisdiction of the action and the action is barred by law.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Monell Claim)

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that plaintiff has failed to make out a cause of action under 42 U.S.C. § 1983 against any defendant in this action, and specifically has failed to make out a claim for relief based on a *Monell* violation with regard to the City Defendant.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants presently have insufficient knowledge or information on which to form a belief as to whether he may have additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendants prays for judgment as follows:

1. That Plaintiff takes nothing from Defendants;

2. That the Complaint against Defendants be dismissed with prejudice;

////
////
////

1    3.    That Defendants recover their costs of suit herein, including attorneys' fees; and

2    4.    For such other relief as is just and proper.

3  Dated:  August 27, 2012

                                        DENNIS J. HERRERA
4                                       City Attorney
                                        CHERYL ADAMS
5                                       Chief Trial Attorney
                                        MARGARET W. BAUMGARTNER
6                                       Deputy City Attorney

7
                                   By:_____
8                                       MARGARET W. BAUMGARTNER

9                                       Attorneys for Defendants
                                        CITY AND COUNTY OF SAN FRANCISCO, ET AL.
10

11

12                            **<u>DEMAND FOR JURY TRIAL</u>**

13        Defendant CITY AND COUNTY OF SAN FRANCISCO hereby requests a trial by jury in this

14  action.

15  Dated:  August 27, 2012

                                        DENNIS J. HERRERA
16                                      City Attorney
                                        CHERYL ADAMS
17                                      Chief Trial Attorney
                                        MARGARET W. BAUMGARTNER
18                                      Deputy City Attorney

19
                                   By:_____
20                                      MARGARET W. BAUMGARTNER

21                                      Attorneys for Defendants
                                        CITY AND COUNTY OF SAN FRANCISCO, ET AL.
22

23

24

25

26

27

28